## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **LISA BURTON,** | |
| Plaintiff, | Case No. |
| v. | |
| **CAPITAL ONE BANK (USA), N.A.** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Lisa Burton** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges

the following against **Capital One Bank (USA), N.A.** (Defendant):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA),

47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331,

which grants this court original jurisdiction of all civil actions arising under the laws of the United

States. See Mims v. Arrow Fin. Servs., INC, 565 U.S. 368, 386-87 (2012) (confirming that 28

U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction

to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendant because Defendant conducts

business in the State of Florida.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in New Port Richey, Florida 34652.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1680 Capital One Drive McLean, Virginia 22101.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.      Plaintiff has a cellular telephone number.

11.      Plaintiff has only used this phone number as a cellular telephone.

12.      Defendant called Plaintiff's cellular telephone repetitive and continuous basis.

13.      When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.      Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a delay or pause prior to a live representative of Defendant coming on the line.

15.      Defendant's telephone calls were not made for "emergency purposes."

16.      Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant when the calls began and revoked any previous consent that Defendant may have had to contact her.

17.      Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

2

18.     In spite of Plaintiff's demand for Defendant to stop calling, Defendant instead continued to call her repeatedly.

19.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

22.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Lisa Burton,** respectfully prays for judgment as follows:

a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e.      Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Lisa Burton**, demands a jury trial in this case.

Respectfully submitted,

Dated: 04/06/2020

By:*/s/ Amy L.B. Ginsburg*
Amy L.B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Email: Aginsburg@creditlaw.com